# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOREST CITY PARTNERSHIP and RAIL-TRAIL COUNCIL OF NEPA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LACKAWANNA RIVER BASIS SEWER AUTHORITY and BOROUGH OF FOREST CITY, <br><br> Defendants. | CIVIL ACTION NO. 3:04-CV-941 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Forest City Partnership's Motion For Reconsideration of the Court's Memorandum and Order Granting Motion to Withdrawal. (Doc. 21.) On February 18, 2005, the Court granted Wright & Reihner's motion to withdrawal because its continued representation of Forest City violated Rule 1.7 of the Pennsylvania Rules of Professional Conduct. For the reasons set forth below, Forest City's motion will be denied.

The Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the Court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Litigants should not use a motion for reconsideration to reargue matters already argued and disposed of by prior rulings or to put forth additional arguments that the litigant neglected to make prior to judgment. *See Dodge v.*

*Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992).  In deference to the strong interest in the finality of judgments, courts should grant motions for reconsideration sparingly.  *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Forest City has not submitted new evidence; nor has it directed the Court's attention to an intervening change in controlling law.  Forest City seeks reconsideration based on the need to correct clear error or prevent manifest injustice.  Forest City first argues that the Court should vacate its previous Memorandum and Order because Wright & Reihner have failed to comply with the requirements of Rule 1.16 of the Pennsylvania Rules of Professional Conduct.  As the Court noted in its previous Memorandum, Rule 1.16 states, in pertinent part:

> (a) Except as state in paragraph (c), a lawyer shall not represent a client, or, where representation has commenced, shall withdraw from the representation of a client if:
>
> (1) the representation will result in violation of the rules of professional conduct or other law; . . . .

Forest City argues Wright & Reihner have failed to submit evidence that the firm's continued representation of Forest City violates the Pennsylvania Rules of Professional Conduct. (Doc. 22 at 9.)  The Court disagrees.

Rule 1.7 of the Pennsylvania Rules of Professional Conduct states, in part:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> (1) the lawyer reasonably believes the representation will not adversely affect the

2

> relationship with the other client; and (2) each client consents after consultation.

It is undisputed that Wright & Reihner currently represent Mr. Eric Linde in two actions brought against Forest City. These actions are currently pending in Pennsylvania state courts. It is also undisputed that prior to the Court previous Memorandum and Order, Wright & Reihner represented Forest City in the instant matter. Moreover, neither Mr. Eric Linde nor Forest City have consented to the conflict. Forest City argues that although there is clearly a conflict of interest in the state court actions, no such conflict exists in the instant matter because the representation of Forest City by Wright & Reihner is not directly adverse to any of the firm's clients, including Mr. Eric Linde. Again, the Court disagrees.

> The comments accompanying Rule 1.7 are instructive. Comment 6 states, in part:
>
>> Loyalty to a current client prohibits undertaking representation directly adverse to that client without informed consent. <u>Thus, absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated.</u> The client as to whom the representation is directly adverse is likely to feel betrayed, and the resulting damage to the client-lawyer relationship is like to impair the lawyer's ability to represent the client effectively.

PA. RULES OF PROF'L CONDUCT R. 1.7 cmt. 6 (2005)(emphasis added). Consequently, the continued representation of both Mr. Eric Linde and Forest City by Wright & Reihner constitutes a violation of Rule 1.7, even if the instant matter is unrelated to the state court action and not directly adverse to Mr. Eric Linde. Indeed, Wright & Reihner's continued representation of both clients would breach the duty of loyalty every lawyer owes his or her client. Therefore, the Court finds that there is in fact a conflict of interest in violation

3

of Rule 1.7 and Wright & Reihner were compelled by Rule 1.16 to withdraw from these proceedings.

Forest City next argues that the Court should vacate its previous Memorandum and Order in light of the doctrine aptly named the hot potato doctrine. In support of its argument, Forest City relies on a host of cases in which various courts granted motions to disqualify because counsel had dropped one client like a hot potato in order to avoid a concurrent conflict of interest with a more favored client. *See, e.g., Picker Int'l, Inc. v. Varian Assocs., Inc.*, 869 F.2d 578 (Fed. Cir. 1989), *Harte Biltmore Ltd. v. First Penn. Bank, N.A.*, 655 F. Supp. 419 (S.D. Fla. 1987). In each instance, the court granted a motion to disqualify based on a lawyer's withdrawal of representation of one client in favor of another client. *See Picker*, 869 F.2d at 582; *Harte*, 655 F. Supp. at 421. However, unlike those cases, there is no pending motion to disqualify. Rather there has only been a motion to withdrawal in light of a conflict of interest. To correct the violation of Rule 1.7, the Court was compelled to grant Wright & Reihner's motion to withdrawal. Again, as the Court noted in its previous Memorandum, whether Wright & Reihner should be permitted to continue to represent Mr. Eric Linde in the state court actions is a question which must be left to the sound discretion of the state courts in which those actions are pending. Forest City's motion for reconsideration will be denied.

An appropriate Order follows.

| | |
|---|---|
| <u>May 27, 2005</u><br>Date | <u>/s/ A. Richard Caputo</u><br>A. Richard Caputo<br>United States District Judge |

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOREST CITY PARTNERSHIP and RAIL-TRAIL COUNCIL OF NEPA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LACKAWANNA RIVER BASIS SEWER AUTHORITY and BOROUGH OF FOREST CITY, <br><br> Defendants. | CIVIL ACTION NO. 3:04-CV-941 <br><br> (JUDGE CAPUTO) |

## ORDER

**NOW**, this __27th__ day of May, 2005, **IT IS HEREBY ORDERED** that Forest City Partnership's Motion For Reconsideration (Doc. 21) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge